ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Teddy's Cool Treats | ) | ASBCA No. 58384 |
| | ) | |
| Under Contract No. GOR 12-057 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Terrence T. Perkins
                                                              Owner

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                                              Army Chief Trial Attorney
                                                              LTC Peter H. Tran, JA
                                                              Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE TUNKS ON THE GOVERNMENT'S MOTION TO DISMISS

This appeal arises from the termination for default of a contract to provide a mobile ice cream service to the Army & Air Force Exchange Service (Exchange) at Ft. Gordon, Georgia.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. The Exchange terminated the contract for default on 25 October 2012. In that termination notice the Exchange also stated that "[i]n the event this termination for default is not effective, then this letter will constitute a 30 day notice of termination pursuant to Clause Number 8.b., Exhibit A." On 1 May 2013, the government moved for summary judgment, alleging that there were no disputed issues of material fact and that it was entitled to judgment as a matter of law. We denied the motion on the grounds that there were disputed issues of material fact. *Teddy's Cool Treats*, ASBCA No. 58384, 14-1 BCA ¶ 35,469.[1]

2. On 12 February 2014, the Exchange changed the termination for default to a "Notice Termination" under clause number 8.b., Termination, Exhibit A, General Provisions of the contract (R4, tab 1). Clause 8.b. provided that the "contract may be terminated in whole or in part by either party upon thirty (30) days notice...in writing to the other party." On 14 February 2014, the government moved to dismiss the appeal as moot.

---

[1] Familiarity with that decision is presumed.

3. On 28 February 2014, the contractor opposed dismissal, arguing that cancellation of the hearing, which was then scheduled for 4 March 2014, would prevent him "from having a fair opportunity and platform to address the unfounded allegations made against [him] as well as compel the Government to offer evidence [on] the validity of [the] termination." We denied the request to have a hearing. We do not understand appellant to contend that the government had no right to invoke Clause 8.b.

## DECISION

Once the government changed the termination for default to a notice termination, there was no longer a claim before us on which we could base jurisdiction. *See Dee Scheppler*, ASBCA No. 50369, 98-2 BCA ¶ 29,801 at 147,616 (where notice of termination for default included a provision that if default is not effective the same notice served as a 30-day notice of termination under the contract, and when 30 days notice was invoked, the Board did not have to decide the propriety of the default termination).

Accordingly, we grant the government's motion to dismiss the appeal as moot.

Dated: 7 May 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58384, Appeal of Teddy's Cool Treats, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
